UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

AARON MORRIS, and all
similarly situated individuals,

CASE NO:

     Plaintiff(s),

v.

REPUBLIC SERVICES OF FLORIDA,
LP a Florida Corporation,

     Defendant.

_____/

## COMPLAINT

Plaintiff, Aaron Morris ("Plaintiff"), and on behalf of other employees and former

employees similarly situated, by undersigned counsel, files this Complaint against Defendant,

Republic Services of Florida, LP ("Defendant") and states as follows:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the

"FLSA") to recover unpaid back wages, an additional equal amount as liquidated

damages, and reasonable attorneys fees and costs.

2.     The jurisdiction of the Court over this case is based upon 29 U.S.C. §216(b).

## PARTIES

3.     At all times material hereto, Plaintiff was, and continues to be a resident and

citizen of Fort Lauderdale, Broward County, Florida.

1

4.      At all times material hereto Defendant, was, and continues to be a Florida corporation.  Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Broward County, Florida.

5.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6.      At all times material hereto, Plaintiff was a non-exempt "employee" of the Defendant within the meaning of the FLSA and performed work in Broward County.

7.      At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

8.      Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9.      At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.  Based upon information and belief, the annual gross revenue of Defendant Republic Services of Florida, LP, was in excess of $500,000.00 per annum during the relevant time periods.

10.     The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to the Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

11.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

2

12.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or such conditions have been waived.

## STATEMENT OF FACTS

13.     On or about December 1, 2009, Aaron Morris was hired by the Defendant. Plaintiff's duties primarily involved the collection of garbage and delivering the garbage to an incinerator facility located in Broward County, Florida.

14.     At the incinerator facility, Mr. Morris would deliver the garbage to an enclosed reception area where the garbage was unloaded into concrete storage pits.  Then, overhead cranes would transfer the trash into a feed hopper to the boiler.  Inside each boiler, an inclined, reciprocating, metal grate slowly moved the garbage through a heating process, where temperatures exceeded 2000 degrees Fahrenheit.

15.     At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

16.     From a least December 1, 2009 continuing through August 1, 2014, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.  Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that the Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

17.     Documentation concerning the number of hours actually worked by the Plaintiff and the compensation actually paid to the Plaintiff are in the possession, custody, and control of the Defendant.

**18.** Defendant has violated Title 29 U.S.C. §207 from at least December 1, 2009 through August 1, 2014, in that:

    **a.** Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    **b.** No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per week as provided by the FLSA; and

    **c.** Defendant has failed to maintain proper time records as mandated by the FLSA.

**19.** Plaintiff has retained the law firm of The Longo Firm, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**<u>OVERTIME COMPENSATION</u>**

**20.** Plaintiff realleges and reavers paragraphs 1 through 19 of the Complaint as, if fully set forth herein.

**21.** From at least December 1, 2009 continuing through on or about August 1, 2014, Plaintiff worked in excess of the forty (40) hours per week for which the Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

**22.** Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

4

23.     At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

24.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

25.     Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

26.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

27.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff Aaron Morris respectfully request that judgment be entered in his favor against Defendant,

   a.     Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b.     Awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week;

5

**c.** Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

**d.** Awarding Plaintiff reasonable attorneys fees and costs and expenses of litigation pursuant to 29 U.S.C. §216(b).

**e.** Awarding Plaintiff pre-judgment interest; and

**f.** Ordering any other further relief the Court deems just and proper.

**COUNT II**
**OVERTIME COMPENSATION**
**29 U.S.C. §216(b) - STATUTORY COLLECTIVE ACTION**

**28.** Plaintiff realleges and incorporates paragraphs 1 through 27 of the Complaint as if fully set forth herein and further alleges as follows:

**29.** Plaintiff brings this count on behalf of himself and other employees and former employees of Defendant similarly situated for overtime compensation and other relief pursuant to the FLSA.

**30.** The additional persons who may become Plaintiffs in this action are non-exempt employees of Defendant who worked an, in some instances, continue to work in excess of forty (40) hours during a work week and who were not paid one and one-half time their regular rates of pay for the hours they worked in excess of forty hours as mandated by 29 U.S.C. §207.

**31.** At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §516.2 and §516.4, with respect to those similarly situated to the named Plaintiff by virtue of the managment policy, plan or decision that intentionally provided for the compensation of such employees as if they

6

were exempt from coverage under 29 U.S.C. §201 through §219, disregarding the fact that they were not exempt.

32. Based upon information and belief, the employees and former employees of Defendant similarly situated to the Plaintiff was paid straight time and expected to work in excess of forty (40) hours per week without being paid at the rate of one and one-half times their regular rate of pay for those hours exceeding forty (40) hours per week.

33. Records, if any, concerning the actual number of hours worked by Defendant's employees and former employees and the actual compensation paid to Defendant's employees and former employees similarly situated to the Plaintiff are in the possession, custody, and control of Defendant.

34. All similarly situated employees are owed their overtime rates for each overtime hours that they worked, but were not paid at the statutory rate of one and one-half times their regular rate of pay.

35. Due to the intentional, willful and unlawful acts of the Defendant, all similarly situated employees have suffered damages and will continue to suffer damages and incur attorneys fees and costs.

36. As a direct and proximate result of the Defendant's willful disregard of the FLSA, all similarly situated employees are entitled to liquidated damages in an equal amount to the amount by which each similarly situated employee or former employee has been damaged.

WHEREFORE, those similarly situated employees and former employees who have or will opt into the action demand that judgment be entered against Defendant:

7

**a.**      Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

**b.**      Awarding Plaintiffs overtime compensation due to them fro hours worked by them but for which they have not been properly compensated;

**c.**      Awarding Plaintiffs liquidated damages;

**d.**      Awarding Plaintiffs reasonable attorneys fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b):

**e.**      Awarding Plaintiffs pre-judgment interest; and

**f.**      Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

THE LONGO FIRM, P.A.
*Attorneys for the Plaintiff*
12555 Orange Drive, Ste. 233
Davie, FL 33330
Tel:  (954) 862-3608
Fax: (954) 944-1916

BY:    /s/ Micah J. Longo
MICAH J. LONGO
Fla. Bar No: 97333
**micahlongo@gmail.com**

8